UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor,   :
United States Department of Labor,
                                      :   Civil Action File
             Plaintiff,
                                      :   No. 08-CV-5407 (DLC) ECF CASE
       v.
                                      :   **COMPLAINT**

CHELSEA VOICE & DATA, Inc. 401(k) PLAN
a/k/a CHELSEA VOICE & DATA d/b/a SOUTH SHORE   :
COMMUNICATIONS 401(k) PLAN
             Defendant.               :
------------------------------------------------------------------------

1.   This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title 1 of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

Jurisdiction, Parties, and Venue

2.   Jurisdiction over this action is conferred upon the Court by section 502(e)(1) of ERISA, 29 U.S.C. 1132(e)(1).

3.   Chelsea Voice & Data, Inc. 401(k) Plan, also known as the Chelsea Voice & Data d/b/a South Shore Communications 401(k) Plan (the "Plan") is a defined contribution pension benefit plan qualifying as an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was sponsored by Chelsea Voice & Data, Inc. ("the Company"), an employer of employees covered by the Plan. The last known address of the Company was 527 West 34th Street, New York, NY 10001.

4.   Venue for this action lies in the Southern District of New York, where the plan sponsor was located pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Factual Allegations

5. To the best of the Secretary's knowledge, information, and belief, Paul M. Henry was the sole owner of the Company and the sole trustee and fiduciary to the Plan with responsibilities for its administration, distribution of assets, and day-to-day management.

6. To the best of the Secretary's knowledge, information, and belief, Mr. Henry stopped performing his fiduciary duties without ensuring the appointment of a new fiduciary to oversee the distribution of the Plan's assets.

7. To the best of the Secretary's knowledge, information, and belief, this Plan has been without a fiduciary since around July 2004. At that time, Mr. Henry, the trustee, ceased operating both the Company and the Plan. Since about July 2004, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

8. The Plan has not been formally terminated.

9. On information and belief, the custodian of the funds is ING. To the best of the Secretary's knowledge, information, and belief, the assets of the Plan held by ING have a value of approximately $3,800.

## Violations

10. Because of the facts and circumstances set forth in Paragraphs 5-9, above, the Plan does not have a named fiduciary or trustee with exclusive authority and discretion to manage and control its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a); and ERISA § 403(a), 29 U.S.C. § 1103(a); and that there is no one other than this Court with the authority to appoint a new trustee.

11. Because of the facts and circumstances set forth in Paragraphs 5-9 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1112(b)(4).

<u>Prayer for Relief</u>

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

A.    Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination and,

B.    Provide such relief as may be just and equitable

DATED:    June 13, 2008
          New York, New York

Respectfully submitted,

/s/ Gregory Jacob
GREGORY JACOB
Solicitor of Labor

/s/ Patricia M. Rodenhausen
PATRICIA M. RODENHAUSEN

/s/ John Campbell
JOHN CAMPBELL
Attorney JC(2125)

U.S. Department of Labor
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.:  (212)337-2111
FAX:  (212)337-2112